*505 OPINION of the Court, by
Ch. J. BotXE.-
1The only question material to be decided in this case, is whether a promise to pay for any thing other than money loaned or advanced to be bet on a game of dice, to a person then engaged in such game, is void or not ?
*506 The court below decided that the promise was not vo>d. Their decision was no doubt predicated upon the supposition that the act of assembly of this state, passed February 12, 1798, (2 Lift. 103) was the only statutory Prov ’sl(,n >n force with relation to this subject: and if that supposition had been correct, there would have been no ground to question the propriety oftheir decision. But the act of Virginia assembly of 1779, is broader in this respect than the act of this state. It provides that every promise, &c. “ to repay or secure money or other thing lent or advanced for the purpose of gaming, &c. shall he void.” This provision was in force when the act of this state passed ; and unless repealed by the latter, must still be in force. That it is not expressly repealed is evident, because the act of this state contains no repealing clause ; and that it is not actually repealed we, apprehend is equally clear, because there is nothing in the act of this state incompatible with this provision of the Virginia statute ; and the rule is well settled, that so far as the provisions of a former statute are not incompatible with those of a latter, the latter cannot operate as a virtual repeal of the former.
The judgment reversed with costs, and cause remanded for new proceedings to be had not inconsistent with the foregoing opinion.